THE ILLINOIS MUTUAL INSURANCE COMPANY

*v.*

SELLERS HOFFMAN.

*Filed at Mt. Vernon April 22, 1890.*

INSURANCE—*proportion of loss to be paid—a policy construed.* A policy of fire insurance of $3000 was given on the building, machinery, etc., of certain cotton-mill works. There were twenty-one items, each of which was valued, making in all a value of $90,000. There was other insurance upon the property. *The second provision of the policy was to* the effect that it covered one-thirtieth part of each of the sums above named, and the third provision was that the company should not be liable for a greater proportion of any loss than the sum by the policy insured should bear to the whole sum insured therein, without reference to the validity of the other insurance or the solvency of the other companies. At the time of the loss the total insurance was $60,000, and the total loss was $51,000: *Held,* that the company's liability was not limited to one-thirtieth of the whole loss, or $1700, but was liable for $2550.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. E. DUNNEGAN, Judge of the Alton City Court, presiding.

Messrs. TAYLOR & POLLARD, and Messrs. DALE & BRADSHAW, for the appellant:

Ordinarily, the insurer must pay all the loss, if it does not exceed the amount insured. (Phillips on Insurance, sec. 1481.) But here is a policy which specifically limits the amount of recovery to one-thirtieth the loss on each of twenty-one items of property, provided that does not exceed $3000. The loss was $51,000, and appellant's *pro rata* is one-thirtieth that amount.

To constitute double insurance, the two policies must not only be for the benefit of the same person and on the same subject, but for the same risk. Phillips on Insurance, secs. 187, 359; *Insurance Co.* v. *Foster,* 90 Ill. 121.

The policy may confine the recovery to a proportion of the loss, only. Phillips on Insurance, secs. 67, 1482, 1476, 1477; *Insurance Co.* v. *Lewis*, 18 Ill. 553.

Double or over-insurance is governed by the same rules of control as applied to marine insurance. Phillips on Insurance, 1482.

Messrs. BAKER, McNULTY & BAKER, for the appellee:

No rule in the interpretation of a policy of insurance is more fully established than that which requires a liberal construction in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity, which, in making the insurance, it was his object to secure. The policy being written by the insurer, must be construed most strongly against it. May on Insurance, sec. 175; *Dow* v. *Insurance Co.* 1 Hall, 174; *Hoffman* v. *Insurance Co.* 32 N. Y. 405; *Cropper* v. *Western Co.* 8 Casey, 351; *Harper* v. *Insurance Co.* 17 N. Y. 194; *Insurance Co.* v. *Scammon*, 100 Ill. 644; *National Bank* v. *Insurance Co.* 5 Otto, 673; Flanders on Fire Ins. chap. 4, sec. 7.

There was only $60,000 insurance when the policy was taken. There is nothing in the policy requiring defendant to carry $90,000, and therefore he was not required to do so. *Lattan* v. *Insurance Co.* 45 N. J. L. 453; *Quarrier* v. *Ins. Co.* 10 W. Va. 507; *Boon* v. *Insurance Co.* 12 Black, 24.

Under a fire policy, as usually made, the assured recovers the whole amount of a partial loss, if it does not exceed the amount insured, though the amount insured may be less than the value of the property insured, as, where the liability is limited to two-thirds of the value of the subject. Phillips on Insurance, sec. 1481; *Insurance Co.* v. *Housinger*, 10 Ohio St. 10.

An adjustment of a loss, made in writing, with the full knowledge of the circumstances, and intended by the parties to be absolute and final, is binding. "A party is not permitted to allege a mistake of law as a ground for setting aside an adjustment. In this respect adjustments are on the same foot-

ing as other agreements." Phillips on Insurance, secs. 1815, 1818; *Insurance Co.* v. *Archdeacon,* 82 Ill. 236; *Insurance Co.* v. *Norris,* 18 Bradw. 570; 61 Ga. 515; 131 Mass. 1; 60 N. H. 293.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action on a fire insurance policy brought by appellee against the appellant company in the Circuit Court of Madison County. The cause was tried in the court below before the judge without a jury by agreement of parties, and resulted in a judgment in favor of the plaintiff, which has been affirmed by the Appellate Court. The property insured was a cotton mill, known as the "Kelleyville Works," situated in Delaware County, Pennsylvania. The fire occurred on the 24th day of August, A. D. 1888. The policy was executed at the city of Alton in this State on December 6, 1887, and insures the property for one year.

The only question in the case relates to the construction of one of the clauses in the policy. Only those provisions of the policy, which it is necessary to consider in order to determine the question presented, will be quoted. The first provision is the following:

"No. 101,566. $3000.00

"The Illinois Mutual Insurance Company of Alton, Illinois, in consideration of $30.00, the representations of the assured and of the agreements and conditions herein contained, hereby insures Sellers Hoffman against loss or damage by fire to the amount of $3000.00 on the following property towit: as per printed form hereto attached": Here follows a list of twenty one items, describing the buildings, machinery and stock of the cotton-mill Works, and giving twenty one separate sums in dollars and cents as the respective valuations of the different buildings and of the machinery and stock therein, said sums amounting in the aggregate to $90,000.00. Coun-

·sel for appellant admit in their brief, that the figures in each item represent the value of the property described in that item, and that the aggregate value of all the property insured, as shown by the schedule, was $90,000.00.

The second provision is as follows: "It is understood and agreed that the Illinois Mutual Insurance Company of Alton, Illinois, covers, under their policy No. 101,566, to which this specification is attached and made a part hereof, $\frac{1}{30}$ part of each of the above named sums, amounting in the aggregate to $3000.00."

The third provision is as follows: "This company shall not be liable for a greater proportion of any loss sustained by the assured upon any property described in this policy, than the sum hereby insured thereon bears to the whole sum insured thereon, whether such other insurance be by policies, specific or otherwise, or whether prior or subsequent to this insurance, or whether such other insurance be valid or not, and without reference to the solvency of other insurance companies."

The policy gives the assured the privilege of making "other insurance without notice until required." After the fire the total amount of insurance upon the property was $60,000.00. This insurance was carried by twenty nine companies, including appellant, in policies whose amounts ranged from $1000.00 to $5000.00. Whether any of the other policies, besides the one sued upon in this case, contained any such provision as the second one above quoted, does not appear from the evidence. The total loss resulting from the fire, as appears from the estimate of the adjusters, was $51,000.00.

The court rendered judgment in favor of the plaintiff for $2550.00 with interest. Appellant claims that it was only liable for $\frac{1}{30}$ of the total amount of the loss, that is to say, for $1700.00. The policy nowhere says in express terms that the liability of appellant shall be limited to one-thirtieth of the loss, nor can said second provision be fairly construed to have any such meaning.

Unquestionably, by the first provision, the company insured the property to the amount of $3000.00. This amount is the one thirtieth part of the total valuation of all the property insured, towit: $90,000.00. The second provision was only intended to divide and apportion the $3000.00, so that each separate item or part of the whole property should be insured to the extent of one thirtieth of the valuation placed upon such item or part in the schedule. For instance, the first item of the schedule is: "stone building marked A" valued at $10,-000.00; the amount of insurance upon this stone building is $333.33⅓. The ninth item in the schedule is: "machinery * * * contained in building marked A" valued at $39,000.00; the amount of insurance upon this machinery is $1300.00, or $\frac{1}{30}$ of $39,000.00.

The intention of the second provision was evidently to prevent the policy from being a "blanket" policy covering any and all items to its full amount. If the building marked "A" had been the only part of the whole property that had been destroyed, and if its destruction had been total, then the liability of the company would have been limited to $333.33⅓, although the value of the building exceeds the total amount of all the insurance upon the whole property.

By the third provision above quoted the company is liable for such "proportion of any loss sustained by the assured upon any property described in this policy" as "the sum hereby insured bears to the whole sum insured thereon." Hence, the appellant company is liable for such proportion of the total loss, amounting to $51,000.00, as the sum of $3000.00 bears to the whole amount of the insurance, towit: $60,000.00. $3000.00 being $\frac{1}{20}$ of $60,000.00, the liability of appellant is $\frac{1}{20}$ of $51,000.00, or $2550.00. As before stated, the trial court found the said sum of $2550.00 to be the amount which the appellant should pay, and we think it found correctly.

The judgments of the Appellate and Circuit Courts are affirmed.                                        *Judgment affirmed.*