Filed May 14, 1891.

---

No. 15,195.

INDIANA INSURANCE COMPANY *v.* HOFFMAN.

INSURANCE — *Loss by Fire.—Policy Construed.—Pro Rata Liability.*—The plaintiff held a policy in the defendant company for $1,500. The policy was on twenty-one items of property which were classified in the policy, and opposite each item a valuation was affixed, making, in the aggregate, $90,000. The policy provided that the company only insured one-sixtieth part of each of said sums, and that its liability was limited to such a proportion of the loss as the amount insured thereby bore to the entire amount of insurance. At the time of the fire the aggregate insurance on the property was $60,000, and the loss $51,000.

*Held,* that under the terms of the policy the defendant company was liable for one-fortieth, and not sixtieth, of the loss.

From the Marion Superior Court.

*V. Carter,* for appellant.

*N. Morris, L. Newberger* and *J. B. Curtis,* for appellee.

MILLER, J.—This was an action brought by the appellee against the appellant on a policy of insurance. The complaint alleges an insurance by the appellee of $1,500; that there was a total insurance of $60,000, and a loss of $51,-

000, and claims that appellant's *pro rata* share of the loss was the one-fortieth, or $1,275.

The only question presented by the record is as to the sufficiency of the third paragraph of answer.

This paragraph admits its liability for $850, but claims that by the terms of the policy it was agreed that the plaintiff should carry and maintain the full sum of $90,000 insurance on his property, and that it was to recover under the policy sued on one-sixtiethh part of $90,000 insurance; that the plaintiff, pursuant to the provisions and agreements in the policy, procured concurrent insurance amounting, with the one in suit, to $90,000; that afterwards, and before the fire, the plaintiff, without the knowledge and consent of the defendant, cancelled $30,000 of the insurance, so that at the time of the fire, there was only $60,000; and that by reason of the reduction, the plaintiff became an insurer with the defendant for $30,000. The answer admits that the loss was $51,000, and that at the time of the fire the total insurance was $60,000.

The appellant contends that its liability is fixed by the terms of the policy at the one-sixtieth of the loss, or $850, and the appellee that its liability is for such proportions of the total loss, $51,000, as the sum of $1,500 bears to the whole amount of insurance existing at the time of the fire, being the one-fortieth, or $1,275.

In that portion of the policy which is usually written out, there is attached a printed slip locating and describing the property insured as follows:

" On stone building marked 'A' on plan, including stone addition and stone stairway, house, $10,000.

" On stone building marked ' B ' on plan, including stone stairway, house, $5,000."

Following these are nineteen other similar items of property, with corresponding amounts indicated on the right, and at the bottom the figures $90,000 as the amount pro-

duced by the addition of these various amounts, and containing in addition the following clause:

" It is understood and agreed that the Indiana Insurance Company, of Indianapolis, covers, under their policy to which this specification is attached and made a part thereof, one-sixtieth part of each of the above named sums, amounting in the aggregate to —— ($1,500) dollars."

It is also provided, in the condition attached to the policy, that if there is other insurance upon the property damaged, the company shall be liable for only such proportion of the loss or damage as the amount insured bears to the whole amount insured thereon, whether such other insurance contains a similar clause or not. It is also provided that the insured shall have the privilege of making other insurance, without notice until required, and that the insurance may be terminated at any time by either party.

It is not claimed by counsel that the policy contains any provision that in express terms required the insured to maintain insurance in the sum of $90,000, but that such agreement is implied from the statement of amounts set opposite the several classes of property in the schedule, which aggregate the sum of $90,000, and the fact that it is alleged in the answer that he did insure the property for the sum of $90,000.

We are unable to find anything in the policy that will warrant us in putting this construction upon the contract entered into by the parties. The provision permitting the insured " to make other insurance, without notice until required," and the clause which provides that the amount of the loss to be paid by the appellant shall be shared *pro rata* with all other insurance existing at the time of the loss, are inconsistent with the position maintained by counsel that the insurance was to be maintained at a precise sum.

The claim is also made that the clause contained in the strip attached to the policy limits the liability to the one-sixtieth of the loss. Had one company taken the whole

Indiana Insurance Company v. Hoffman.

risk it could not well be contended that it would have become liable for the whole loss in any event, but only to the extent of the sums named. So, a company covering one-sixtieth of the above sums, does not agree to pay one-sixtieth of the loss, but the loss to the extent of one-sixtieth of the sums named. By the express terms of the policy the company agreed to indemnify the insured to the amount of $1,-500. Nothing in the policy expressly limits the liability of the company to one-sixtieth of the loss. The amounts set opposite each of the twenty-one items, which aggregate $90,000, were probably intended to represent the value of the property insured, but whether so intended or not, it is evident the insurance was distributed in the proportions indicated by the amount set opposite each item, for the purpose of preventing the policy from being a "blanket" policy, and to limit the liability of the company in case of a loss of a portion only of the property insured.

It is evident that the insured paid premiums to the company on the basis of a $1,500 liability, to be lessened by an apportionment by reason of such other insurance as existed at the time of loss. Having paid for full protection he is entitled to receive full protection unless something in the policy plainly forbids it, and we find nothing in the policy inconsistent with his right to recover the one-fortieth of the total loss.

In arriving at this conclusion we are supported by the decisions of the courts in *Hoffman* v. *Minneapolis Mut., etc., Ins. Co.*, 42 Minn. 291, *Illinois Mut. Ins. Co.* v. *Hoffman*, 132 Ill. 522, *Hoffman* v. *Manufacturers' Mut., etc., Ins. Co.*, 38 Fed. Rep. 487, in each of which cases the actions were by the same plaintiff to recover for this same loss, and upon policies substantially like the one under consideration.

Judgment affirmed.

Filed May 14, 1891.